Lorna Lee HEPFEL, by her guardian ad litem, Richard Hepfel, Respondent,

v.

Steven J. BASHAW, Petitioner.

No. 46571.

Supreme Court of Minnesota.

June 11, 1976.

Hillstrom, Phelps & Bird, LaCrescent, and Ross A. Phelps, for petitioner.

PER CURIAM.

Petitioner, Steven J. Bashaw, seeks a writ of mandamus directing the Houston County District Court to appoint counsel to represent him as an indigent in a civil paternity proceeding commenced pursuant to Minn.St. 257.251, et seq.

On December 5, 1975, a paternity proceeding was commenced by Lorna Lee Hepfel, the respondent herein, to determine the petitioner's liability for the support of a child born to her on September 17, 1975. Pursuant to Minn.St. 257.254, respondent is represented in the proceeding as an indigent by the Houston County Attorney. As a result, and pursuant to his claim of indigency, defendant on December 12, 1975, moved the district court for an order appointing counsel to represent him in the proceeding. Following a hearing on January 2, 1976, the motion was denied upon the basis that the court lacked statutory authority to provide appointed counsel for this indigent defendant.

In his petition for a writ of mandamus, defendant asserts that since counsel has been provided for plaintiff, similar action by this court is mandated by the equal protection and due process clauses of the United States Constitution. Although there is no express statutory provision which would allow a court to appoint an attorney for a putative father, we conclude that where, as in this case, both parties to a paternity proceeding satisfy the standards of indigency which would invoke the provisions of § 257.254 to allow the county attorney to represent the plaintiff, the defendant should likewise be afforded counsel. The Houston County District Court is therefore ordered to appoint counsel to represent defendant-petitioner for the sole purposes of these proceedings.

Writ shall issue.